IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

**SEALED**

v.

INDICTMENT

KENT E. HOVIND
and
JO D. HOVIND

3:06 CR 83/MCR

_____

THE GRAND JURY CHARGES:

COUNTS ONE THROUGH TWELVE

A. INTRODUCTION

At all times relevant to this Indictment:

1.      In general, employers must withhold, deposit, report, and pay federal

income tax, as well as Social Security and Medicare taxes from employee wages.  The

amount of federal income tax withheld is based on an employee's marital status and the

withholding allowances as reported by the employee to the employer on the Internal

Revenue Service (IRS) Form W-4.  Federal Insurance Contributions Act (FICA) taxes

provide for a federal system of old-age, survivors, disability, (Social Security tax) and

hospital insurance (Medicare tax).  Employers are required to withhold FICA taxes from

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

06 JUL 11  PM 12: 55

Returned in open court pursuant to Rule 6(f)

7-11-2006

Date

United States Magistrate Judge

FILED

employees' wages and pay a matching amount of these taxes.  During the times relevant to this Indictment, the employee tax rate for Social Security was 6.2% of the employees' gross wages which was withheld from the employees' wages, and the employer tax rate was also 6.2% (12.4% total).  The employee tax rate for Medicare was 1.45% of the employees' gross wages, which was withheld from the employees' wages, and the employer tax rate for Medicare was also 1.45% (2.9% total).  Employers were required to deposit federal income tax withheld along with the FICA taxes by submitting quarterly payments to the IRS.  Each quarter, all employers who paid wages subject to federal income tax withholding and FICA taxes were required to file Form 941, Employer's Quarterly Federal Tax Return, by the last day of the month that follows the end of the quarter.  This return reported the amount of federal income tax and FICA tax withheld from employee wages as well as the employer's share of FICA tax due and owing.

2.      **KENT E. HOVIND** owned and operated "Creation Science Evangelism Enterprises/Ministry" ("CSE"), located in Pensacola, Florida.  As part of CSE, **KENT E. HOVIND** operated "Dinosaur Adventure Land," a children's theme park on 5800 North Palafox Street in Pensacola, Florida, which included rides, a museum and science center. In addition, **KENT E. HOVIND**, through CSE, sold literature, videos, CDs, and other materials, and provided lecture services and live debates for a fee.

3.      **KENT E. HOVIND** employed or caused to be employed salaried and hourly-wage workers at CSE and the various related business entities he controlled (hereafter referenced collectively as "CSE").

4.     As the owner/operator of CSE and its related entities, **KENT E. HOVIND** was responsible for the preparation of employee wages and the withholding of federal income tax and FICA tax from employees' bi-weekly paychecks.  **KENT E. HOVIND** was likewise responsible for paying federal income tax and FICA tax withheld to the Internal Revenue Service (IRS) and filing the appropriate IRS Forms 941, Employer's Quarterly Federal Tax Returns, for CSE, reporting amounts withheld and the employer's share of the FICA tax to the IRS.

5.     **KENT E. HOVIND** failed to obtain W-4 information from CSE employees and failed to withhold taxes from employee wages.

6.     **KENT E. HOVIND** failed to file IRS Forms 941, Employer's Quarterly Federal Tax Returns, reporting federal income tax and FICA tax withheld from employee wages to the IRS.

7.     When employers failed to withhold taxes from employee wages, the IRS calculated the income tax withholding rate, and thus income taxes due and owing, at 20%.

## B.  CHARGE

That on or about the dates specified below, in the Northern District of Florida, the defendant,

## KENT E. HOVIND,

a resident of Pensacola, Florida, who owned and operated CSE in Pensacola, Florida, and as such, was the person responsible for collecting and paying over federal income tax and FICA tax for CSE, and who, during the quarters of the tax years specified below, did willfully fail to deduct, collect, truthfully account for and pay over to the IRS federal income tax and FICA tax from the total taxable wages of CSE employees which were due and owing to the United States of America, in the approximate amounts enumerated below, by failing to file the appropriate IRS Form 941, Employer's Quarterly Federal Tax Return for CSE, for the quarters and on the due dates enumerated below, and by failing to withhold and pay federal income tax and FICA tax to the IRS.

| COUNT | QUARTER ENDING | DUE DATE OF RETURN | TAX DUE AND OWING |
|---|---|---|---|
| ONE | March 31, 2001 | April 30, 2001 | $29,400 |
| TWO | June 30, 2001 | July 31, 2001 | $33,757 |
| THREE | September 30, 2001 | October 31, 2001 | $37,482 |
| FOUR | December 31, 2001 | January 31, 2002 | $31,987 |
| FIVE | March 31, 2002 | April 30, 2002 | $40,889 |
| SIX | June 30, 2002 | July 31, 2002 | $40,889 |
| SEVEN | September 30, 2002 | October 31, 2002 | $40,889 |

4

| EIGHT | December 31, 2002 | January 31, 2003 | $40,889 |
|--------|-------------------|------------------|---------|
| NINE | March 31, 2003 | April 30, 2003 | $36,463 |
| TEN | June 30, 2003 | July 31, 2003 | $44,967 |
| ELEVEN | September 30, 2003 | October 31, 2003 | $46,653 |
| TWELVE | December 31, 2003 | January 31, 2004 | $49,553 |

All in violation of Title 26, United States Code, Section 7202.

## COUNTS THIRTEEN THROUGH FIFTY-SEVEN

That on the dates specified below, in the Northern District of Florida, the

defendants,

### KENT E. HOVIND
### and
### JO D. HOVIND,

knowingly and for the purpose of evading the reporting requirements of Section 5313(a)

of Title 31, United States Code, and the regulations promulgated thereunder, structured,

assisted in structuring, and caused to be structured the following transactions, each

transaction being a cash withdrawal from AmSouth Bank, a domestic federally-insured

financial institution:

| COUNT | DATE OF CHECK | AMOUNT WITHDRAWN |
|-------|---------------|------------------|
| THIRTEEN | July 20, 2001 | $9,500 |
| FOURTEEN | July 23, 2001 | $9,500 |
| FIFTEEN | July 26, 2001 | $9,500 |
| SIXTEEN | August 2, 2001 | $9,500 |
| SEVENTEEN | August 10, 2001 | $9,500 |

5

| EIGHTEEN | August 23, 2001 | $9,500 |
|---|---|---|
| NINETEEN | August 31, 2001 | $9,500 |
| TWENTY | September 7, 2001 | $9,500 |
| TWENTY-ONE | September 11, 2001 | $9,500 |
| TWENTY-TWO | September 18, 2001 | $9,500 |
| TWENTY-THREE | September 19, 2001 | $9,500 |
| TWENTY-FOUR | September 27, 2001 | $9,500 |
| TWENTY-FIVE | October 04, 2001 | $9,500 |
| TWENTY-SIX | October 10, 2001 | $9,500 |
| TWENTY-SEVEN | October 19, 2001 | $9,500 |
| TWENTY-EIGHT | October 23, 2001 | $9,600 |
| TWENTY-NINE | November 2, 2001 | $9,500 |
| THIRTY | November 7, 2001 | $9,600 |
| THIRTY-ONE | November 19, 2001 | $9,600 |
| THIRTY-TWO | November 28, 2001 | $9,600 |
| THIRTY-THREE | December 5, 2001 | $9,600 |
| THIRTY-FOUR | December 11, 2001 | $9,600 |
| THIRTY-FIVE | December 28, 2001 | $9,600 |
| THIRTY-SIX | December 31, 2001 | $9,600 |
| THIRTY-SEVEN | January 11, 2002 | $9,600 |
| THIRTY-EIGHT | January 18, 2002 | $9,600 |
| THIRTY-NINE | January 22, 2002 | $9,600 |
| FORTY | February 7, 2002 | $9,600 |
| FORTY-ONE | February 13, 2002 | $9,600 |
| FORTY-TWO | February 20, 2002 | $9,600 |

| FORTY-THREE | February 26, 2002 | $9,600 |
|---|---|---|
| FORTY-FOUR | March 6, 2002 | $9,600 |
| FORTY-FIVE | March 8, 2002 | $9,600 |
| FORTY-SIX | March 11, 2002 | $9,600 |
| FORTY-SEVEN | March 25, 2002 | $9,600 |
| FORTY-EIGHT | April 19, 2002 | $9,600 |
| FORTY-NINE | May 10, 2002 | $9,600 |
| FIFTY | June 13, 2002 | $9,600 |
| FIFTY-ONE | July 1, 2002 | $9,600 |
| FIFTY-TWO | July 17, 2002 | $9,600 |
| FIFTY-THREE | July 22, 2002 | $9,600 |
| FIFTY-FOUR | July 29, 2002 | $9,600 |
| FIFTY-FIVE | August 2, 2002 | $9,600 |
| FIFTY-SIX | August 6, 2002 | $9,600 |
| FIFTY-SEVEN | August 9, 2002 | $9,600 |

All in violation of Title 31, United States Code, Sections 5324(a)(3) and 5324(d), Title 31, Code of Federal Regulations, Section 103.11, and Title 18, United States Code, Section 2.

## COUNT FIFTY-EIGHT

1.      Part A of Counts One through Twelve is hereby realleged as if fully set forth herein.

7

2.       That between in or about March 1996 up to and including the date of the return of this Indictment, in the Northern District of Florida, the defendant,

**KENT E. HOVIND,**

did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws by acts which include the following:

a.       Filing a petition for bankruptcy, and falsely listing the IRS as his only creditor, for the sole purpose of discharging this debt and forcing the IRS to release seized property;

b.       Filing a false and frivolous lawsuit against the IRS in which he demanded damages for criminal trespass and other false allegations during the IRS execution of a lawful court-issued search warrant;

c.       Filing a complaint for a preliminary injunction against an investigating IRS special agent and the Commissioner of the IRS;

d.       Making threats of harm to those investigating him and to those who may consider cooperating with their investigation;

e.       Filing a false complaint against investigating IRS agents with the Treasury Inspector General for Tax Administration;

f.       Filing a criminal complaint against investigating IRS special agents falsely alleging, among other things, false arrest, false imprisonment, excessive use of force, and theft of property;

g.       Destroying records; and,

8

h.      Paying his employees in cash and labeling them "missionaries"

rather than employees to avoid payroll tax and Federal Insurance Contributions Act

requirements.

All in violation of Title 26, United States Code, Section 7212(a).

## CRIMINAL FORFEITURE

1.      The allegations contained in Counts Thirteen through Fifty-Seven of this

Indictment are hereby realleged and incorporated by reference for the purpose of alleging

forfeitures to the United States.

2.      Upon the convictions of any of the violations alleged in Counts Thirteen

through Fifty-Seven of this Indictment, the defendants,

**KENT E. HOVIND**
**and**
**JO D. HOVIND,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section

982(a)(1) and Title 31, United States Code, Section 5317(c), any and all property, real

and personal, involved in the offenses alleged in Counts Thirteen through Fifty-Seven and

any property traceable thereto.

3.      If any of the property described above as being subject to forfeiture, as a

result of any act or omission of the defendants:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third person;

c.      has been placed beyond the jurisdiction of the Court; and,

9

d.      has been substantially diminished in value; or has been

commingled with other property which cannot be subdivided without

difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section

982(b)(1) and Title 31, United States Code, Section 5317(c)(1)(B), to seek forfeiture of

any other property of said defendants up to the value of the above-described property.

All in violation of Title 18, United States Code, Section 982(a)(1) and Title 31,

United States Code, Section 5317(c).

A TRUE BILL:

███████████████

_____EPERSON_____

_____7/11/2006_____
DATE

_____
GREGORY R. MILLER
United States Attorney

_____
MICHELLE M. HELDMYER
Assistant United States Attorney

10