**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

UNITED STATES OF AMERICA

vs.                                                      CASE NO.: 3:06cr83/MCR

KENT E. HOVIND
_____/

**ORDER ON MOTION FOR RELEASE AND**
**STAY PENDING SENTENCING AND APPEAL**

Defendant has filed a motion for release and stay pending sentencing and appeal. After thorough consideration of the issues raised by defendant's motion and for the reasons given below, the court denies defendant's motion.

The Bail Reform Act of 1984 governs release pending sentencing or appeal. See 18 U.S.C. § 3143(b).  Section 3143(b) provides in pertinent part that a person who has been found guilty of an offense and sentenced to a term of imprisonment who has also filed an appeal shall be detained unless the court finds (1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the community or another person if released and (2) that the appeal is not for purposes of delay and raises a substantial question of law or fact likely to result in reversal or a new trial.[1]  Id.  Under the statute a person's conviction is presumed correct and it is the defendant's burden to overcome that presumption by satisfying the above criteria. United States v. Giancola, 754 F.2d 898, 900-01 (11th Cir. 1985), cert. denied, 479 U.S. 1018, 107 S.Ct. 669, 93 L.Ed.2d 721 (1986).[2]

---

[1] This last consideration applies only when defendant is moving for release pending appeal. In this case defendant has not yet been sentencing; however, his motion for release references this consideration so the court will address it.

[2] The law prior to 1984 was different.  The former version of the statute, the Bail Reform Act of 1966, contained a presumption in favor of release, notwithstanding a conviction, such that a person was entitled to bail unless the government could show that the person posed a risk of flight or danger to the community or another person or that the appeal was frivolous or filed for purposes of delay. See Giancola, 754 F.2d at 900-01.  Congress' intent in repealing the earlier version of the statute in favor of the 1984 Act was to limit

As a threshold matter the court cannot find by clear and convincing evidence that defendant would not pose a serious risk of flight as well as a danger to other persons if released. Although defendant was compliant with the terms and conditions of his release bond before and during trial, the circumstances have dramatically changed for defendant since the jury's guilty verdict on all 58 counts of the indictment. He now faces the possibility of a lengthy sentence of incarceration. Due to his work in the area of creation science and extensive travels abroad defendant has amassed a significant following of individuals loyal to him and his ministry as well as sympathetic with his present legal situation. The court has received communication from some of these sympathizers, all of whom harbor the same belief that defendant has been wrongly prosecuted and convicted by a government with no authority over him. These are the same beliefs held by the defendant, as demonstrated by the evidence at trial. Given the jury's verdict, the court has no confidence defendant would abide by its orders if released.

The defendant also cannot show by clear and convincing evidence that he would not pose a risk of danger to other persons if released. The defendant has been found guilty by a jury of obstructing the lawful administration of the Internal Revenue laws. Some of the evidence presented at trial by the government in support of this charge involved veiled threats against various IRS officials who were involved in both the administrative and criminal investigations of the defendant. Based on the evidence presented during the trial the court is not clearly convinced defendant would not pose a danger to these same individuals, some of whom testified and/or played a significant role for the government in the trial.

Notwithstanding the above findings, the court also concludes that the defendant has not demonstrated that his appeal would raise a substantial question of law or fact likely to result in reversal or a new trial. In making this decision, the court has applied the following standard from the Eleventh Circuit Court of Appeals' decision in <u>Giancola</u>, <u>supra</u> and the Eighth Circuit Court of Appeals' decision in <u>United States v. Powell</u>, 761 F.2d 1227 (8th Cir.

---

substantially the number of persons released pending appeal. <u>Id</u>.; <u>United States v. Powell</u>, 761 F.2d 1227, 1232 (8th Cir. 1985).

Case No.: 3:06cr83/MCR

1985):

> . . . a defendant who wishes to be released on bail after imposition of a sentence including a term of imprisonment must first show that the question presented by the appeal is substantial, in the sense that it is a close question or one that could go either way. It is not sufficient to show that reasonable judges could differ (presumably every judge who writes a dissenting opinion is still 'reasonable') or that the issue is fairly debatable or not frivolous. On the other hand, the defendant does not have to show that it is likely or probable that he or she will prevail on the issue on appeal. If this part of the test is satisfied, the defendant must then show that the substantial question he or she seeks to present is so integral to the merits of the conviction it is more probable than not that reversal or new trial will occur of the question is decided in the defendant's favor. In deciding whether this part of the burden has been satisfied, the court or judge to whom application for bail is made must assume that the substantial question presented will go the other way on appeal and then assess the impact of such assumed error on the conviction. ...

Powell, 761 F.2d at 1233-34.[3]   In considering the second part of this standard; i.e.

---

[3] Since enactment of the Bail Reform Act of 1984, numerous courts of appeals have addressed the meaning of the term "substantial question" under § 3143(b). See United States v. Miller, 753 F.2d 19 (3d Cir. 1985); United States v. Giancola, 754 F.2d 898 (11th Cir. 1985); United States v. Handy, 761 F.2d 1279 (9th Cir. 1985); United States v. Powell, 761 F.2d 1227 (8th Cir. 1985); United States v. Pollard, 778 F.2d 1177, 1182 (6th Cir.1985); United States v. Bayko, 774 F.2d 516, 523 (1st Ci. 1985); United States v. Bilanzich, 771 F.2d 292, 298-99 (7th Cir. 1985); United States v. Affleck, 765 F.2d 944, 952 (10th Cir. 1985); United States v. Valera-Elizondo, 761 F.2d 1020, 1024 (5th Cir. 1985); United States v. Randell, 761 F.2d 122, 125 (2d Cir.), cert. denied, 474 U.S. 1008, 106 S.Ct. 533, 88 L.Ed.2d 464 (1985); United States v. Smith, 793 F.2d 85 (3d Cir. 1986), cert. denied, 479 U.S. 1031, 107 S.Ct. 877, 93 L.Ed.2d 832 (1987). In Miller, the first case to address the issue, the Third Circuit determined that a "substantial question" is "'one which is either novel, ... has not been decided by the controlling precedent, or ... is fairly doubtful.'" Miller, 753 F.2d at 23. In Giancola, the Eleventh Circuit agreed with the Miller court's interpretation of § 3143(b) that Congress did not intend for the district courts to deny bail pending appeal absent the district court judge finding that he or she had committed error at the trial level. Id. at 900. The court also agreed that the Third Circuit's interpretation of "substantial question" effectuated Congress' intent because under the Miller standard a defendant would have to show and the district court find that the appeal was more than simply nonfrivolous; instead the appeal would have to have more merit or substance than simply a nonfrivolous appeal. Id. Although the Eleventh Circuit indicated in Giancola that the Third Circuit's interpretation in Miller and adoption of the definition "fairly doubtful" for "substantial" did effect Congress' intent in changing the statute because it required the defendant to show more than a nonfrivolous issue, the Eleventh Circuit disagreed with the Third Circuit's emphasis on the absence of controlling precedent to define when an issue is "substantial". Giancola, 754 F.2d at 901. The court noted that there may be cases where there is no controlling precedent, yet at the same time no reason to think that the Eleventh Circuit would decide the issue different from other circuits that had settled the issue, and also cases which present insignificant questions with no controlling precedent because the issue is without merit that no court has found it necessary to resolve it. Id. In the end, instead of simply adopting the "fairly doubtful" definition in Miller, the Eleventh Circuit refined the definition and determined that a "substantial question" was "a close question or one that very well could be decided the other way." Id. Subsequently, the

whether it is more probable than not that the issue on appeal, if substantial under the above definition, would result in a reversal or new trial the court notes that defendant would have to show this to be the case on all counts of conviction for which a term of imprisonment was imposed.  See United States v. Randell, 761 F.2d 122, (2d Cir. 1985).

Defendant argues that the court's decision to change one of the jury instructions after counsel's closing argument is a substantial question of law likely to result in a reversal

---

Ninth Circuit in Handy defined "substantial question" as a question that is "fairly debatable".  Handy, 761 F.2d at 1283.  The Ninth Circuit suggested the standard of "fairly debatable" adopted in Handy was synonymous with the Third Circuit's "fairly doubtful" standard in Miller.  Id. at 1282.  The Handy court noted that to the extent the Eleventh Circuit's definition in Giancola of "substantial question" as a "close question" was a modification of Miller's "fairly doubtful" standard it was rejected.  Id. at n.2.

Thus, a question exists as to whether the Eleventh Circuit intended to modify the Miller "fairly doubtful" standard with its "close question" standard in any meaningful sense.   The Eighth Circuit has suggested that it did.  See Powell, 761 F.2d at 1232.  In Powell, the Eighth Circuit determined that the Giancola court went further to effect congressional intent than Miller and that applying the "close question" standard would result in "fewer convicted persons remain[ing] at large while pursuing their appeal" than would occur under a "fairly doubtful" standard.  See id. (explaining that the Handy and Miller formulations of what 'substantial question' means would not work much of a change in prior law" and concluding that the "Giancola formulation is more faithful to the purpose of Congress").  The Powell court chose to adopt Giancola's "close question" standard because it was "more responsive to the announced purpose of Congress" in enacting § 3143(b).  Id.  A majority of the circuit courts of appeals to consider this question have adopted the Giancola formulation, finding the "close question" standard more in line with congressional intent to limit the number of persons released under § 3143(b).  See id.; United States v. Pollard, 778 F.2d at 1182; Bayko, 774 F.2d at 523; Bilanzich, 771 F.2d at 298-99; Affleck, 765 F.2d at 952; Valera-Elizondo, 761 F.2d at 1024; Randell, 761 F.2d at 125 (2d Cir.); but see United States v. Smith, 793 F.2d 85, 89 (3d Cir. 1986) (rejecting the Giancola "modification" of Miller in favor of the Handy "fairly debatable" standard and concluding that a "substantial question" is one that is "debatable among jurists of reason").

This court agrees with the majority courts' interpretation of Giancola and finds that "a close question or one that very well could be decided the other way" does more to effectuate Congress' intent in enacting the Bail Reform Act of 1984 than a "fairly debatable" or "fairly doubtful" standard.  See Powell, 761 F.2d at 1232.  In order to effectuate Congress' purpose of substantially limiting the number of persons released during the pendency of an appeal, the standard for what constitutes a "substantial question" must necessarily include consideration of the probability of success on appeal, a consideration encompassed within Giancola's "close question" standard, but not something a court must necessarily weigh under a "fairly debatable" standard, as presumably every nonfrivolous question on appeal is fairly debatable.  See id. at 1234.  Additionally, the term "fairly doubtful", while requiring some measure of consideration of success on appeal, does not reflect enough the commonly understood meaning of the term "substantial" , which is of course the term Congress chose to use in the statute.  Also,  as the court in Powell observed, it is doubtful that Congress would have gone to the trouble of passing a new statute to obtain no more change than is brought about by either Miller or Handy.  Id. at 1232.

Should the court's interpretation of Giancola be incorrect and the Eleventh Circuit decide that the "close question" standard is synonymous with the "fairly doubtful" standard in Miller, the court's decision on defendant's motion would not change.  Even applying a fairly doubtful standard to the issues raised by defendants the court would find that there has not been a substantial question of law or fact presented for purposes of appeal.

Case No.: 3:06cr83/MCR

or new trial.  The court disagrees.  The Eleventh Circuit requires substantial not absolute compliance with Rule 30 of the Federal Rules of Criminal Procedure and a conviction will be reversed only where a defendant demonstrates prejudice.  United States v. White, 27 F3d 1531, 1538 (11th Cir. 1994).  In this case, the jury instruction in question was modified so as to avoid confusion to the jury caused by counsel's closing argument, which was made contrary to the court's ruling on defendants' motion to dismiss prior to trial.  Additionally, the court offered counsel an opportunity to readdress the jury, which he declined.  This does not present a close question; however, to the extent it does, the court also finds that a ruling in favor of defendants on this issue by the Eleventh Circuit would not likely result in a reversal or order for new trial on all counts of conviction.

The defendant also requests a stay of all collection efforts by the government in connection with the forfeiture until such time as the court enters its ruling on defendant's Motion For Judgment Of Acquittal.  Defendant's request for stay is denied.

For the foregoing reasons, Defendants' Motion For Release and Stay Pending Sentencing and Appeal (doc. 124) is DENIED.

**DONE** this 21st day of December 2006.


　　　　　　　　　　　　　　　　s/ *M. Casey Rodgers*
　　　　　　　　　　　　　　**M. CASEY RODGERS**
　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**