FLND Form 245B (rev 12/2003) Judgment in a Criminal Case
3:06cr83-001/MCR - KENT E. HOVIND

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                **Case # 3:06cr83-001/MCR**

**KENT E. HOVIND**

**USM # 06452-017**

**Defendant's Attorney:**
**Alan S. Richey (Retained)**
**331 Sentinel Firs Road, #A**
**P.O. Box 1505**
**Port Hadlock, Washington 98339**

_____

### JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty on Counts 1 through 58 of the Indictment  on November 2, 2006.
Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such count(s) which involve(s) the
following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNTS |
|---|---|---|---|
| 26 U.S.C. § 7202 | Willful Failure to Collect, Account For or Pay Over to the Internal Revenue Service, Federal Income Tax and Federal Insurance Contributions Act (FICA) Taxes | January 31, 2004 | 1-12 |
| 31 U.S.C. § 5324(a)(3), 5324(d)(1), 31 C.F.R. § 103.11, and 18 U.S.C. § 2 | Structuring Monetary Transactions to Evade a Currency Transaction Reporting Requirement | August 9, 2002 | 13-57 |
| 26 U.S.C. § 7212(a) | Obstruction of Justice - Endeavoring to Obstruct and Impede the Internal Revenue Service | July 11, 2006 | 58 |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed
pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and
the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within
30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special
assessments imposed by this judgment are fully paid.

CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

07 JAN 26  PM 3: 20

FILED

Date of Imposition of Sentence:
January 19, 2007

*M. Casey Rodgers*
M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE

Date Signed: January 26TH, 2007

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **120 months. This term is comprised of 60 months as to Counts 1 through 56, all to run concurrent; 60 months as to Count 57, to run consecutive to Counts 1 through 56; and 36 months as to Count 58, to run concurrent with Counts 1 through 56.**

The Court recommends to the Bureau of Prisons: The defendant to be designated to a facility for confinement near his home in Pensacola, Florida. The Court specifically recommended the Federal Prison Camp (located at Saufley Field) in Pensacola, Florida.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years as to Counts 1 through 57 and 1 year as to Count 58, with the terms to run concurrently, one with the other.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

Although mandatory drug testing is required pursuant to the Violent Crime Control and Law Enforcement Act of 1994, the drug testing condition is suspended based upon the Court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall cooperate in the collection of DNA as required by statute.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1.  the defendant shall not leave the judicial district without the  permission of the court or probation officer;

2.  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.  the defendant shall support his or her dependents and meet other family responsibilities;

5.  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.  the defendant shall notify the probation officer at least 10 days prior  to any change in residence or employment;

7.  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8.  the defendant shall not frequent places where controlled substances are  illegally sold, used, distributed, or administered;

9.  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11. the defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. if this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1.  The defendant shall not own or possess, either directly or constructively, a firearm, dangerous weapon (to include hunting weapons) , destructive device or ammunition.

2.  Pursuant to the provisions of 18 U.S.C. § 3583(d), the defendant shall make restitution in the amount of $604,874.87 to the Internal Revenue Service, Atlanta Service Center, Criminal Investigations Branch, P.O. Box 47-422, Stop 75-B, Doraville, Georgia 30362. The defendant is to receive credit for any amounts seized by the government. Restitution shall be paid in monthly installments of not less than $500 per month. Payments shall commence three months after the defendant's release from imprisonment.

3.  Any unpaid balance of the fine shall become a condition of the defendant's supervised release. The defendant shall pay not less than $61 per month to commence three months after the defendant's release from imprisonment.

4.  Any unpaid balance of the costs of prosecution shall become a condition of the defendant's supervised release. The defendant shall pay not less than $100 per month to commence three months after release from imprisonment.

5.  The defendant shall provide the probation officer with access to any requested financial information. He shall report the source and amount of personal and/or business income and financial assets to the supervising probation officer as directed.

6.  The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant has satisfied his financial obligations.

7.  The defendant shall not transfer or dispose of any asset, or his interest in any asset, without the prior approval of the probation officer unless the defendant has satisfied his financial obligations.

Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.


_____          _____
Defendant                                                              Date


_____          _____
Probation Officer/Designated Witness                 Date

## CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court.  Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717.  Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.  The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

### SUMMARY

| Special Monetary Assessment | Fine | Restitution |
|---|---|---|
| $5,800.00 | $2,000.00 | $604,874.87 |

### SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$5,800.00** is imposed.

### FINE

A fine in the amount of **$2,000.00** is imposed.

## RESTITUTION

Restitution in the amount of **$604,874.87** is imposed.

The defendant shall make restitution to the following victims in the amounts listed below.

| **Name of Payee** | **Total Amount of Loss** | **Amount of Restitution Ordered** |
|---|---|---|
| Internal Revenue Service
Atlanta Service Center
Criminal Investigations Branch
P.O. Box 47-422, Stop 75-B
Doraville, Georgia 30362 | $604,874.87 | $604,874.87 |

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise.  If nominal payments are made by the defendant the court authorizes those payments to be made to the victims on a rotating basis.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. § 3664(f)(3)(B), the court orders nominal payments and this is reflected in the Statement of Reasons page.

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; and (7) penalties in full immediately.

**Breakdown of fine and other criminal penalties is as follows:**

   **Fine: $2,000.00   SMA: $5,800.00   Restitution: $604,874.87   Cost of Prosecution: $7,078.24**

**The $5,800.00 monetary assessment shall be paid immediately.** Any payments of the monetary assessment and the fine made while the defendant is incarcerated shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program.

The remaining balance shall be paid as follows: Restitution shall be paid in monthly installments of not less than $500 over a period of supervised release to commence 3 months after release from imprisonment. Fine shall be paid in monthly installments of not less than $61 over a period of supervised release to commence 3 months after release of imprisonment. Costs of prosecution shall be paid in monthly installments of not less $100 to commence 3 months after release of imprisonment.

The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n). Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall forfeit the defendant's interest in the following property to the United States:

**See Final Order of Forfeiture
dated January 19, 2007
for $430,400.00 in US Currency**