IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                         Case Nos.    3:06cr83/MCR
                                                                   3:10cv487/MCR/EMT

KENT E. HOVIND
_____/

## ORDER, REPORT AND RECOMMENDATION

Defendant has filed an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 364, memorandum in support at Doc. 365). The Government has been directed to file a response to the amended motion, which is due by February 14, 2011 (*see* Doc. 366). Now before the court are Defendant's "Motion for Stay of Criminal Forfeiture" (Doc. 367) and his "Motion for Release on Bond" (Doc. 368), to which the Government has responded (respectively Docs. 371, 370). Although the court did not direct Defendant to file a reply to the Government's responses, Defendant has done so (Doc. 372); leave of court is granted for the filing of the reply.

For the reasons stated in the Government's responses, this court recommends that the motion for stay of criminal forfeiture and the motion for immediate release on bond be denied.[1]

---

[1] Relying on Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1079, 155 L. Ed.2d 88 (2003), Defendant disputes the Government's argument—addressed briefly in its response to the motion for release on bond—that Defendant's § 2255 motion is barred because it is untimely. Defendant contends that the motion is timely as he had until sometime in January 2011 in which to file it. The court notes that, based on the information currently before it, the Government's position appears to be correct.
    The Eleventh Circuit confirmed Defendant's convictions on appeal on December 30, 2008. United States v. Hovind, 305 Fed. App'x 615 (11th Cir. 2008). The Supreme Court's online docket reflects that on November 2, 2009, the Court denied Defendant's petition for writ of certiorari and that on January 11, 2010, it denied his petition for rehearing (Case No. 09-5043 at http://www.supremecourt.gov, last visited January 3, 2011). Defendant's initial § 2255 motion, signed November 24, 2010, was docketed in this court by the clerk on November 29, 2010 (Doc. 361). To the extent the motion was delivered to prison authorities for mailing on November 24, 2010, that is the date the motion should be deemed filed in this court. *See* Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).
    Based on the foregoing dates, Defendant's § 2255 motion was filed more than one year after the Supreme Court's denial of the petition for writ of certiorari. Although Defendant contends otherwise, the Court's refusal to rehear

Accordingly, it is **ORDERED** that:

Defendant is granted leave of court to file a reply (Doc. 372) to the Government's responses (Docs. 370, 371).

And it is respectfully **RECOMMENDED** that:

Defendant's motion for stay of criminal forfeiture (Doc. 367) and his motion for immediate release on bond (Doc. 368) be denied.

At Pensacola, Florida this 3rd day of January 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

the denial of his petition for writ of certiorari has no bearing on this determination. *See* Drury v. United States, 507 F.3d 1295, 1297 (11th Cir. 2007), cert. denied, ___ U.S. ____, 129 S. Ct. 159, 172 L. Ed.2d 41 (2008) (stating that finality attaches when Supreme Court denies certiorari and filing of motion for reconsideration does not affect the disposition of the case); Jones v. United States, 304 F.3d 1035, 1038 n.5 (11th Cir. 2002) (ruling that a judgment of conviction becomes final within the meaning of § 2255(f) on the date on which the Supreme Court denies certiorari).

Furthermore, contrary to Defendant's contention, Clay does not hold that a federal defendant, such as he, who appeals his conviction to the court of appeals and then immediately, but unsuccessfully, seeks certiorari from the Supreme Court has until the time for filing the writ would have expired to initiate his claim for collateral relief. Rather, in Clay the Supreme Court made it clear that the conclusion of direct review occurs when it "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari." Clay, 537 U.S. at 527. The Clay Court further held that if the federal prisoner chooses *not* to seek direct review in this Court, then the conviction becomes final when "the time for filing a certiorari petition expires." *Id.*; *see also* Jimenez v. Quarterman, 555 U.S. 113, 129 S. Ct. 681, 685, 172 L. Ed. 2d 475 (2009). Here, as noted, Defendant sought review in the Supreme Court; accordingly, based on the information now available to the court, his conviction became final on November 2, 2009, when the Supreme Court denied his petition for writ of certiorari. Defendant's motion therefore appears to be untimely. To the extent Defendant attempts to argue that for equitable reasons he should be accorded additional time for filing his motion, this is a matter that may be addressed in Defendant's reply to the Government's response to the § 2255 motion (which presumably will again argue untimeliness), which as noted above is due by February 14, 2011.

Case Nos. 3:06cr83/MCR; 3:10cv487/MCR/EMT