IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                        Case No.: 3:06cr83/MCR
                                                  3:13cv350/MCR/EMT

KENT E. HOVIND

---

## REPORT AND RECOMMENDATION

Defendant Kent Hovind filed a document titled "Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255" (doc. 454), which was received by the clerk on June 3, 2013. Because there was no pending motion to vacate to amend, the clerk opened a new civil case, Case No. 3:13cv350, and referred the motion to the undersigned for consideration.

## PROCEDURAL BACKGROUND

Defendant and his spouse were charged in a fifty-eight count indictment with tax crimes, structuring crimes, and obstruction, all related to their ownership and operation of a business in Pensacola (doc. 2). Defendant was convicted as charged and sentenced to a term of 120-months imprisonment (docs. 81, 154). The Eleventh Circuit rejected Defendant's challenges to the sufficiency of the indictment and the sufficiency of the evidence against him, among other things, and affirmed his conviction and sentence (doc. 318; *see also* doc. 385, Ex. 1). Defendant petitioned for a writ of certiorari, and the Supreme Court denied his petition on November 2, 2009 (doc. 333).

In March of 2010, Defendant filed five separate motions to dismiss pursuant to Federal Rule of Civil Procedure 60(b) seeking dismissal with prejudice of his criminal judgment (docs. 334–338). After response by the Government (doc. 341), the district court denied all five of these motions (docs. 342–346), as well as Defendant's motion for reconsideration of the denials (docs. 349, 350)

and two additional motions to dismiss, filed by Defendant in May and July of 2010, respectively (docs. 351, 352, 359, 360).

Defendant filed his first motion to vacate on November 24, 2010[1] (doc. 361), which he was directed to amend because it was not on the required form (doc. 363). He filed an amended motion and supporting memorandum of law on December 9, 2010 (docs. 364, 365). He subsequently filed two additional motions, titled "Defendant in Error Petition to Unseal and Read All Grand Jury Information" (doc. 374) and "Petition for Production of Specific Brady Materials" (doc. 377). In response to these motions the Government filed a "Consolidated Motion to Dismiss and Response to Defendant's Motion for Disclosure of Grand Jury Information and Production of Brady Material" (doc. 385). Defendant then filed a reply titled "Defendant in Error's Response and Objections to the Government's Consolidated Motion to Dismiss," along with an addendum thereto (docs. 388, 392). Next, Defendant filed a "Defendant in Error's Motion to Dismiss the Indictment," along with a similar "addendum" thereto (docs. 389, 391), to which the Government responded (doc. 393). The undersigned recommended that the Government's motion to dismiss Defendant's § 2255 motion be granted,[2] and that Defendant's motion to dismiss the indictment be denied (doc. 397), and this recommendation was adopted by the district court (doc. 401). Defendant appealed (doc. 405), and a certificate of appealability was denied by both the district and appellate courts (docs. 451, 453).

While the recommendation was pending on his first § 2255 motion, Defendant filed another document titled "Motion to Vacate" (doc. 399) which he asserted was "not to be construed as being a part of any motions past of [sic] pending before this court." (*id.* at 1). In this motion, which was not on the proper court form, Defendant contended that the United States did not have jurisdiction

---

[1]   Although the motion was docketed on November 29, 2010, it was signed, and therefore deemed filed, on November 24, 2010, pursuant to the "prison mailbox rule." Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

[2]   In so doing, the court noted that it recommended "that the district court decline Defendant's invitation to 'tell the government to quit whining about the time issue' and respond to the merits of his untimely motions" (doc. 397 at 5 (citing doc. 388 at 7)).

to prosecute him because it did not have territorial jurisdiction over the land where the crime took place, the prosecution amounted to fraud upon this court, and he was entitled to immediate release (*id*). The undersigned determined that Defendant's arguments were frivolous and recommended that the motion be denied (doc. 402). The district court subsequently adopted the recommendation (doc. 416), Defendant appealed (doc. 420), and his request for a certificate of appealability was denied (docs. 435, 452).

Approximately fifteen months after the Eleventh Circuit denied a certificate of appealability in Defendant's appeal of the previous motion to vacate, he filed the instant motion pursuant to § 2255 which he styled as an "**Amended** Motion to Vacate" (doc. 454) (emphasis added). Defendant concedes in the attachment to his § 2255 form that his original motion was rejected as untimely and never considered on the merits (*id*. at 6). He asserts that he was deprived of his legal documents from July of 2010 until March of 2012 due to unconstitutional interference by the BOP, and that as a result he was "wrongfully deprived of having his § 2255 motion adjudicated on the merits" (*id*. at 6–7). He claims that the limitations period is subject to equitable tolling under the circumstances of his case, and that he is entitled to have the most recent motion adjudicated on the merits (*id*. at 7). Defendant raises seven "new" claims in the instant motion. More specifically, he alleges that: (1) counsel was constitutionally ineffective (a claim containing eight sub-parts); (2) he was denied access to the courts due to the Government's seizure of his legal materials which thus prevented him from timely filing his § 2255 motion; (3) his due process rights were violated due to the alleged alteration of his sentencing hearing transcript to omit an allegedly prejudicial remark by the sentencing judge; (4) his due process rights were violated due to the subsequent actions of the prosecuting AUSA J.D. Roy Atchison; (5) he was prosecuted under erroneous legal standards; (6) he was "singled out for prosecution" in violation of his right to equal protection; and (7) the Government's admission at trial of an exhibit that was missing critical exculpatory pages violated Brady (*id*. at 7–13).

## ANALYSIS

It is well established that before a second or successive application for § 2255 relief is filed in the district court, a defendant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h);

<u>Felker v. Turpin</u>, 518 U.S. 651 (1996); <u>United States v. Holt</u>, 417 F.3d 1172, 1175 (11th Cir. 2005); <u>Carter v. United States</u>, 405 F. App'x 409 (11th Cir. 2010). The instant motion, in which Defendant sets forth seven "new" claims is clearly a successive motion. Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, and his self-serving attempt to characterize his motion as an "amended motion" will not allow him to circumvent this requirement. As noted above, any prior "motion" that he sought to amend has long been disposed of both by the district court and on appeal. Thus, the district court does not have jurisdiction to consider Defendant's "amended" § 2255 motion.

Additionally or alternatively, Defendant's most recent motion is time barred. Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The Eleventh Circuit affirmed Defendant's convictions on appeal on December 30, 2008, and the mandate issued on March 11, 2009. <u>United States v. Hovind</u>, 305 F. App'x 615 (11th Cir. 2008). The Supreme Court denied certiorari on November 2, 2009 (doc. 333). As previously noted, Defendant's initial § 2255 motion, which was signed and therefore "filed" on November 24, 2010, was found to be untimely (docs. 361, 397, 401). Defendant now contends that the instant motion, signed on May 30, 2013, should be considered timely filed due to the twenty (20) months that he was separated from his legal materials, from July 20, 2010 through March 15, 2012. Even if the court accepts—for the sake of argument only—that the limitations period was equitably tolled during this time pursuant to § 2255(f)(2), the instant motion was filed more than fourteen months

after the alleged impediment was removed by the return of these documents. As such, it is clearly untimely[3] and should be dismissed.

### Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.     Defendant's Amended Motion to Vacate (doc. 454) **DISMISSED**, as this court does not have jurisdiction to consider a second or successive motion absent leave from the Eleventh Circuit Court of Appeal, and alternatively, that the motion be **DENIED and DISMISSED** as untimely.

2.     A certificate of appealability be **DENIED**.

---

[3] Defendant does not contend that the limitations period was tolled before he was separated from his legal materials. Over eight months had elapsed between the Supreme Court's November 2, 2009, denial of his petition for certiorari (doc. 33) and the July 20, 2010 transfer during which he contends legal materials were taken from him. Therefore, even if the limitations period were tolled during those twenty months, Defendant would have had less than four additional months after the materials were returned, or until July of 2012, in which to timely file his motion.

At Pensacola, Florida, this <u>11</u><sup>th</sup> day of June 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).