**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            CASE NO.: 3:06cr83/MCR

KENT E. HOVIND,

    Defendant.
_____/

**O R D E R**

    Plaintiff, United States of America, has filed joint motions for an order of discharge for four lis pendens filed in the public records of Escambia County, Florida, by the defendant, Kent E. Hovind ("Hovind"), and for an order to show cause why Hovind should not be held in contempt of court for wrongfully filing the lis pendens (doc. 465). Hovind has filed a response, claiming that the motions have no application to him, that plaintiff has no standing to bring the motions, and that the motions should be dismissed (doc. 466). The court will address plaintiff's motions separately, with individual Orders as to each motion.

    This Order addresses plaintiff's motion for an order to show cause why Hovind should not be held in contempt of court for wrongfully filing four lis pendens on properties located in Escambia County, Florida. Having fully considered the matter and the parties' arguments, the court finds that the motion to show cause, though initially appearing meritorious, shall be DENIED, with leave to refile, as explained below.

    On May 29, 2013, Hovind filed lis pendens on four properties (doc. 465, exh. D). Those properties and others previously were ordered forfeited to the United States by this court's Order of June 28, 2007, as partial substitutions for a $430,400.00 forfeiture judgment entered in the criminal case of *United States v. Kent Hovind*, Case No. 3:06cr83/MCR. The substitute forfeitures were reaffirmed in response to an objection filed by Hovind (Case No. 3:06cr83/MCR, doc. 325).

The United States is in the process of selling the properties but has been notified that they are not marketable because the lis pendens encumbers the property titles (doc. 465, exh. E). It is unquestionable that the United States of America, as owner of the forfeited properties, has standing to bring this motion.

Hovind claims that he was unaware of the order in a companion case, *United States of America v. Creation Science Evangelism, Creation Science Evangelism Foundation, 21 Cummings Road Trust, 400 Block Cummings Subdivision Trust, 5720 N. Palafox Trust, 5800 N. Palafox Trust, 29 Cummings Road Trust*, Case No. 3:12cv136/MCR/EMT, in which this court held that "labor liens" on the same forfeited properties (and others) were declared null and void *ab initio*. The court enjoined the defendants from filing new notices of liens or other claims in Escambia County, directly or through the services of others, on property forfeited to the United States (Case 3:12cv136, doc. 7). In view of Hovind's notice of and objection to forfeitures of these properties as defendant and claimant in the underlying criminal case, his claimed lack of notice to the court's subsequent order is without merit and irrelevant.

According to Hovind's notice of the lis pendens filings, sent to an IRS agent, Hovind has filed suit in a separate federal court in the District Court of South Carolina challenging his criminal conviction and sentence, with "those rights having an interest in the above properties according to the government's own findings" (doc. 465,exh. D). Hovind's explanation has no merit because he has no ownership interest, legal or equitable, in the forfeited properties. Without question, his lis pendens were wrongfully filed. However, although the United States may have a basis for a contempt of court order, it has not sufficiently described the character and purpose of such order. The United States has not indicated whether Hovind's conduct constitutes criminal or civil contempt of court[1], nor has

---

[1] The three elements of criminal contempt are (1) a lawful and reasonably specific order that (2) the defendant has violated (3) willfully. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1242 (11th Cir. 2007). For a finding of civil contempt--that is, willful disregard of the authority of the court- the evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous*;* and (3) the alleged violator had the ability to comply with the order. *Georgia Power Co. v. N.L.R.B,* 484 F.3d 1288, 1291 (11th Cir. 2007).

it proposed an appropriate sanction as an indication. A contempt sanction is considered civil if it is remedial and for the benefit of the complainant, but it is criminal if the sanction is punitive, to vindicate the authority of the court. *Serra Chevrolet, Inc. v. General Motors Corp.*, 446 F.3d 1137, 1147 (11th Cir. 2006).

The court shall deny the pending motion, but with leave for a renewed motion containing a statement of the remedy the government seeks beyond the order to show cause.

Accordingly:

1. Plaintiff's motion for an order to Kent Hovind to show cause why he should not be held in contempt of court is DENIED.

2. Plaintiff is permitted 30 days from the date of this Order within which to file a renewed motion to show cause.

**DONE and ORDERED** this 11th day of October, 2013.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**