**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**v.**                                     **CASE NO.: 3:06cr83/MCR**

**KENT E. HOVIND,**

       **Defendant.**

_____/

## ORDER

The Government has filed a renewed motion for an order requiring Kent E. Hovind to show cause why he should not be held in criminal contempt for violating an order of the Court.  Having fully considered the matter, the Court finds that the motion is due to be granted.

On May 29, 2013, Hovind filed *lis pendens* on four properties (*see* doc. 465-4), located in Pensacola, Florida, at 21 Cummings Rd., 29 Cummings Rd., 100 Cummings Rd., and 400 Cummings Rd.  These and other properties were previously ordered forfeited to the Government by Order dated June 28, 2007 (doc. 212) and July 29, 2009 (doc. 325), as partial substitutions for a $430,400 money judgment entered by a special jury verdict of forfeiture on November 2, 2006, in the criminal case against Hovind.  In separate subsequent civil proceedings, the Court entered an injunction against Creation Science Evangelism and other named entities[1] "and their representatives or agents" permanently enjoining them "from seeking to file or otherwise create a lien on [the same forfeited] properties without first obtaining an order from this Court."  *United States v. Creation*

---

[1] At the time of his conviction in 2006, Hovind owned and operated an entity called "Creation Science Evangelism Enterprises/Ministry."  Defendants in the civil suit were Creation Science Evangelism Foundation, 21 Cummings Road Trust, 400 Block Cummings Subdivision Trust, 5720 N. Palafox Trust, 5800 N. Palafox Trust, and 29 Cummings Road Trust.  Service of process on these entities was accomplished by service on their director, Paul John Hansen of Omaha, Nebraska, who had filed the liens that were at issue in the civil suit.

*Science Evangelism*, No. 3:12cv136 (doc. 7, at 7) (N.D. Fla. June 27, 2012).  The Government maintains Hovind willfully violated this order and should be punished.  In response, Hovind argues that the Government's renewed motion is untimely and, in any event, he was unaware of the preliminary injunction entered in the civil suit and thus could not have acted willfully.

The Court rejects as meritless Hovind's argument that the Government's renewed motion is untimely.  The record reflects that on October 11, 2013, after concluding that the Government's initial motion for a show cause order did not sufficiently set forth grounds for criminal contempt, the Court gave the Government thirty days in which to file a renewed motion.  The Federal Rules of Civil Procedure provide that when computing time for a period stated in days, the day of the event is excluded and every day thereafter is counted, "but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday."  Fed. R. Civ. P. 6(a)(1)(C).  Applying this computation rule, the last day of the thirty-day period was Sunday, November 10, 2013; the following day was Veteran's Day, a legal holiday; and the Government's renewed motion was thus timely filed the following day, Tuesday, November 12, 2013.

A court has power to punish by fine or imprisonment, or both, conduct that is a contempt of the court's authority or "[d]isobedience or resistance to its lawful writ, process, order, rule, decree or command."  18 U.S.C. § 401.  A contempt sanction is considered criminal if the sanction is  punitive in nature and imposed "to vindicate the authority of the court."  *Serra Chevrolet, Inc.  v.  Gen. Motors Corp*., 446 F.3d 1137, 1147 (11th Cir. 2006) (internal marks omitted).  Criminal contempt requires proof of (1) a lawful and reasonably specific order that (2) the defendant has violated (3) willfully.  *Romero v. Drummond Co.*, 480 F.3d 1234, 1242 (11th Cir. 2007).  The Government argues that Hovind has willfully violated a reasonably specific permanent injunction order.  Although Hovind asserts he was unaware of the order, the record shows that Hovind has been a representative or agent of the entities that were specifically enjoined and that the properties on which Hovind filed the offending liens had been forfeited to the Government in Hovind's own criminal case.

Willfulness is a deliberate or intended violation "by one who knows or should reasonably be aware that his conduct is wrongful," *United States v. Brown*, Nos. 403CR001, 407CV085, 2008 WL 2811890, at *5 (S.D. Ga. July 21, 2008) (internal marks omitted), and can be inferred from facts and circumstances demonstrating conduct that is intentional or reckless. *See United States v. KS & W Offshore Eng'g, Inc.*, 932 F.2d 906, 909 (11th Cir. 1991) (stating willfulness is shown where a party intentionally violates a court order or "exhibit[s] conduct which constitutes reckless disregard" for an order); *see also United States v. Dickstein*, 436 F. App'x 980, 985 (11th Cir. 2011) (stating "behavior amounting to a reckless disregard for the administration of justice" satisfies the requisite intent when conduct violates a reasonably specific order). Applying these standards, the Court finds that probable cause exists to issue a criminal contempt notice and show cause order for Hovind's conduct of filing *lis pendens* encumbering the Government's property in violation of the permanent injunction order dated June 27, 2012.[2] Criminal contempt proceedings will be separately initiated by notice.

Accordingly:

1.    The Government's Renewed Motion for Order to Show Cause (doc. 470) is **GRANTED**.

2.    A notice and order requiring Hovind to show cause why he should not be punished for criminal contempt will be filed separately as a new cause of action.

3.    The Clerk is directed to mail a copy of this Order to Kent E. Hovind (BOP # 06452-017) at FPC Maxwell AFB, Montgomery, AL 36112, or wherever he may be housed.

**DONE and ORDERED** this 8th day of July, 2014.

*M. Casey Rodgers*
_____
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] The Government will bear the burden to prove willfulness beyond a reasonable doubt at trial.