IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

vs.                      Case Nos.:   3:06cr83/MCR/EMT
                                               3:19cv4327/MCR/EMT

KENT E. HOVIND

---

### REPORT AND RECOMMENDATION

This matter is before the court upon a document described by Defendant Hovind as a "Motion to Vacate" (ECF No. 492). Hovind's submission also includes what he has labeled a "Supporting brief to the above 'Motion to Vacate,'"[1] a "Copy of court clerk[']s 'No Sworn Complaint Found in Court Record,'" and a "Proof of Service" (*see id.* at 8).

Hovind cites no specific authority or jurisdictional basis for the instant filing, although he repeatedly refers to it as a "motion to vacate." In the motion, he challenges his original conviction, making arguments about an alleged lack of

---

[1] This document is titled, "Evidence of law for Case No. 3:06-CR-00083/MCR; Brief in Support of the Requirement of a Sworn Complaint, the Affidavit of Probable Cause. Information that May Be Related to No Verified Complaint" (ECF No. 492 at 9). The majority—if not all—of the document is not a brief, but rather a series of excerpts from other criminal cases that Hovind apparently believes could be relevant to his latest attempt to vacate his conviction.

jurisdiction and constitutional violations that allegedly occurred. Such arguments are properly made in a motion pursuant to 28 U.S.C. § 2255.[2]

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, the undersigned concludes that the court does not have jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.[3]

## BACKGROUND and ANALYSIS

Defendant Kent E. Hovind and his wife Jo D. Hovind were charged in a fifty-eight (58) count indictment with tax crimes, financial structuring crimes, and

---

[2] This case was opened and docketed as one filed under § 2255. It should be noted, however, that Hovind also references Federal Rule of Civil Procedure 60(b), stating "Motion under Rule 60(b), is only utilized in the event that Defendant can not seek the vacate as a man, by right, for the court may lack authority to require such of this man." (ECF No. 492 at 1) (quoted verbatim). Rule 60(b) is inapplicable because Hovind cannot obtain the relief he seeks—relief from his criminal judgment—via the Federal Rules of Civil Procedure, and thus this action is properly construed as one filed under § 2255. *United States v. Mosavi*, 138 F.3d 1365 (11th Cir. 1998); *see also Smith v. United States*, 433 F. App'x 891 (11th Cir. 2011) (affirming district court's denial of Smith's motion for Rule 60(b)(4) relief and finding no error in court's construing the motion as a § 2255 motion).

[3] If summary dismissal were not warranted in this case, the court would require Hovind to file an amended motion on the court form before his case could proceed. N.D. Fla. Loc. R. 5.7(A).

obstruction of the administration of internal revenue laws, all related to their ownership and operation of a business in Pensacola, Florida (ECF No. 2). Kent Hovind was convicted as charged and sentenced to a total term of 120-months imprisonment (ECF Nos. 81, 85, 154). On appeal, the Eleventh Circuit rejected Hovind's challenges to the sufficiency of the indictment and the sufficiency of the evidence, among other things, and affirmed his conviction and sentence (ECF Nos. 318, 385, Ex. 1). The Supreme Court denied his petition for a writ of certiorari on November 6, 2009 (ECF No. 333).

In March of 2010, Hovind filed five separate motions pursuant to Federal Rule of Civil Procedure 60(b) seeking dismissal with prejudice of his criminal judgment (ECF Nos. 334–338). After response by the Government (ECF No. 341), the district court denied all five of these motions (ECF Nos. 342–346), as well as Hovind's motion for reconsideration (ECF Nos. 349 & 350) and two additional motions to dismiss filed by Hovind in May and July of 2010, respectively (ECF Nos. 351 & 352; 359 & 360).

Hovind filed his first § 2255 motion on November 24, 2010, and, pursuant to court order, his amended motion on December 9, 2010 (ECF Nos. 361, 364). Shortly thereafter he moved for release on bond, asserting he was entitled to release because he was likely to prevail on the issues he raised in his § 2255 motion (ECF

Case Nos.: 3:06cr83/MCR/EMT; 3:19cv4327/MCR/EMT

No. 368). After reviewing the response from the Government and Hovind's reply, the undersigned recommended that the motion for release be denied, finding that Hovind was unlikely to prevail on his § 2255 motion because the motion appeared to be untimely (ECF Nos. 371–373). The district court adopted this recommendation over Defendant's objection (ECF Nos. 379, 380, 383, & 384).

The Government filed a consolidated motion to dismiss Hovind's § 2255 motion as untimely, which the district court granted, adopting the recommendation of the undersigned (ECF Nos. 385, 397, 401).

Since then, Hovind has vigorously pursued collateral relief in this case, although most of his filings have no bearing on the court's consideration of his latest filing. Of some note, in 2011 Hovind filed a "motion to vacate" in which he unsuccessfully attacked the court's jurisdiction (ECF Nos. 399, 402, 416). Then, in 2013, Hovind filed what he styled as an "Amended Motion to Vacate" although no other § 2255 motion was pending (ECF No. 454). The court denied the motion as an unauthorized second or successive filing (ECF Nos. 456, 461). For the same reason, this court does not have jurisdiction to entertain Hovind's most recent motion.

As this court is well aware, before a second or successive application for § 2255 relief is filed in the district court, the litigant must typically move in the

Case Nos.: 3:06cr83/MCR/EMT; 3:19cv4327/MCR/EMT

appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *Carter v. United States,* 405 F. App'x 409 (11th Cir. 2010).  Hovind's successive motion falls within the larger subset of cases for which such authorization is required, as he is challenging the same judgment he challenged in his initial motion.  Hovind has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion; therefore, the instant motion to vacate must be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

Case Nos.: 3:06cr83/MCR/EMT; 3:19cv4327/MCR/EMT

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. If the certificate is denied, a litigant may seek a certificate of appealability from the appropriate court of appeals.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.   The "Motion to Vacate" (ECF No. 492) be dismissed because this court does not have jurisdiction to consider the motion.

2.   A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 6th day of November 2019.

/s/   *Elizabeth   M.   Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:06cr83/MCR/EMT; 3:19cv4327/MCR/EMT